UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALRIC DESMOND ACKERSON                                   CIVIL ACTION

VERSUS                                                    NUMBER  19-9158

ANDREW SAUL,                                             SECTION  M (5)
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION

## ORDER & REASONS

Before the Court is plaintiff Alric Desmond Ackerson's motion under Rule 59(e) of the

Federal Rules of Civil Procedure for reconsideration[1] of this Court's order and judgment adopting

the magistrate judge's report and recommendation ("R&R") and dismissing this case.[2]  Defendant

Andrew Saul, Commissioner of the Social Security Administration, responds in opposition.[3]

Having considered the parties' memoranda, the record, and the applicable law, the Court denies

the motion for reconsideration.

This case is Ackerson's appeal of an administrative law judge's denial of his application

for disability insurance benefits.  On August 10, 2020, the magistrate judge issued an R&R on the

parties' cross-motions for summary judgment and recommended that this Court dismiss

Ackerson's claims with prejudice.[4]  Ackerson filed an objection to the R&R which focused on the

magistrate judge's determination that Ackerson did not prove he meets the criteria of disability

under Listing 11.14 (peripheral neuropathy).[5]  The Court adopted the R&R as its opinion,

observing that "[i]n his objection, [Ackerson] does not controvert any of the findings of the [R&R],

nor does he direct the Court to any medical evidence in the record supporting his contention that

---

[1] R. Doc. 25.
[2] R. Docs. 23; 24.
[3] R. Doc. 27.
[4] R. Doc. 21.  The facts of the case are recited in the referenced R&R.
[5] R. Doc. 22.

he was disabled under the criteria of Listing 11.14 (peripheral neuropathy)."[6]  On this basis, judgment was entered dismissing Ackerson's suit with prejudice.[7]  Ackerson filed the instant motion for reconsideration arguing that he should be considered disabled under Listing 11.14 because he had a bilateral toe amputation and his other medical conditions satisfy a medical definition of neuropathy.[8]

A Rule 59(e) motion for reconsideration calls into question the correctness of a judgment. *In re Transtexas Gas Corp*., 303 F.3d 571, 581 (5th Cir. 2002).  "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." *Id*. at 581.  "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001).  The grant of such a motion is an "extraordinary remedy that should be used sparingly." *Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc.*, 114 F. App'x 137, 143 (5th Cir. 2004) (citation omitted).  A district court has considerable discretion to grant or deny a Rule 59(e) motion for reconsideration. *Edward H. Bohlin Co. v. Banning Co*., 6 F.3d 350, 353 (5th Cir. 1990).

In the Fifth Circuit, a Rule 59(e) movant must show that reconsideration is necessary for at least one of the following reasons: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) to consider newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) to address an intervening change in the controlling law. *Markel Am. Ins. Co. v. Diaz-Santiago*, 674 F.3d 21, 32 (5th Cir. 2012); *Barber v. Spinal Elements*, 2019 WL 5810304, at *2 (E.D. La. Nov. 7, 2019).  But the motion "cannot be used to raise arguments

---

[6] R. Doc. 23.
[7] R. Doc. 24.
[8] R. Doc. 25.

which could, and should, have been made before the judgment issued." *In re Life Partners Holdings, Inc.*, 926 F.3d 105, 128 (5th Cir. 2019) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)).

After considering Ackerson's arguments under this standard, the Court is not persuaded that reconsideration is warranted.  Listing 11.14 defines a peripheral neuropathy disability as:

> A.  Disorganization of motor function in two extremities (see 11.00D1), resulting in extreme limitation (see 11.00D2) in the ability to stand up from a seated position, balance while standing or walking, or use [of] upper extremities; or

> B.  Marked limitation (see 11.00G2) in physical functioning (see 11.00G3a), and in one of the following;

> > 1.  Understanding, remembering, or applying information (see 11.00G3b(i)); or

> > 2.  Interacting with others (see 11.00G3b(ii)); or

> > 3.  Concentrating, persisting, or maintaining pace (see 11.00G3b(iii)); or

> > 4.  Adapting or managing oneself (see 11.00G3b(iv)).

Ackerson argues that he must be disabled under Listing 11.14(A) because he had a bilateral toe amputation and chronic pain syndrome that combined to equal peripheral neuropathy.  This Court and the able magistrate judge considered those conditions in their prior rulings finding that Ackerson did not meet the criteria of Listing 11.14.  Ackerson has never pointed to medical evidence that any condition, or combination of conditions, resulted in extreme limitation as defined by 11.00D2.  Indeed, the R&R pointed out that Ackerson's medical records show that he was able to perform the activities of daily living and ambulate independently after the bilateral toe amputation.[9]  Although Ackerson argues that he has a medical neuropathy, he still does not point

---

[9] R. Doc. 21 at 13.

the Court to any objective medical evidence that he suffers from a peripheral neuropathy that meets the legal definition of Listing 11.14.

Accordingly,

**IT IS ORDERED** that Ackerson's motion for reconsideration (R. Doc. 25) is DENIED.

New Orleans, Louisiana, this 8th day of October, 2020.


_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE